# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TOMAS ALCIDES VENTURA  :
12937 Pickering Drive  :
Germantown, Maryland 20874  :
  :
    Plaintiff,  :    Civil Action No.
  :
v.  :
  :
L. A. HOWARD CONSTRUCTION COMPANY  :
1016 5th Street NE  :
Washington, DC 20002  :
  :
    Serve:  Resident Agent  :
             Lazerrick A. Howard  :
             12719 Halyard Place  :
             Ft. Washington, Maryland 20744  :
  :
LAZERRICK A. HOWARD  :
12719 Halyard Place  :
Ft. Washington, Maryland 20744  :
  :
    Defendants.  :

## COMPLAINT

Plaintiff, Tomas Alcides Ventura ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Defendants L. A. Howard Construction Company and Lazerrick A. Howard (collectively "Defendants"), under the D.C. Minimum Wage Revision Act ("DCMWRA"), the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Wage Payment and Collection Law ("DCWPCL"), stating as follows:

## INTRODUCTION

Plaintiff worked for Defendants as a concrete installer. Plaintiff was paid at the same hourly rate for all hours worked. He worked between forty-eight and fifty hours per week and was not

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3809805_1

paid at the overtime rate of one and a half times his wage as required by District of Columbia and federal law. Defendants have willfully violated the clear and well-established overtime provisions of the DCMWRA, the FLSA, and the DCWPCL. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Maryland.

4. Defendant L. A. Howard Construction Company ("L. A. Howard Construction") is a D.C. corporation.

5. Defendant Lazerrick A. Howard is the owner of L. A. Howard Construction.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce.  Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

2

3809805_1

10. Defendant Lazerrick A. Howard controlled the day to day operations of L. A. Howard Construction.

11. Defendant Lazerrick A. Howard had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant Lazerrick A. Howard supervised Plaintiff directly or indirectly.

13. Defendant Lazerrick A. Howard directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. Defendant Lazerrick A. Howard directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

*15.* Federal courts made clear that individual employers are liable under FLSA if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed. Appx. 104 (2001).

16. Defendant Lazerrick A. Howard would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

## FACTS

17. Plaintiff was employed by Defendants as a concrete installer from February 1, 2011 through July 30, 2013 (the "Employment Period").

18. Throughout the Employment Period, Plaintiff was paid at a rate of $34.19 per hour.

19. Plaintiff worked between forty-eight and fifty hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours.

20. Plaintiff is owed approximately $19,995.30 in overtime wages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3

3809805_1

21. Plaintiff is owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of District of Columbia and federal law.

22. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked. 29 U.S.C. § 211.

23. The precise number of hours worked, and wages owed, should be revealed through discovery.

24. Defendants knowingly and intentionally violated Plaintiff's rights under District of Columbia and federal law.

### COUNT I
### (Violation of the D.C. Wage Payment and Collection Law)

25. Plaintiff adopts herein by reference paragraphs 1 through 24 above as if fully set forth herein.

26. The amounts owed to Plaintiff by Defendants for unpaid overtime wages constitute "wages" under the DCWPCL. DCWPCL, D.C. ST. § 32-1301(3).

27. Defendants were required to pay to Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. D.C. ST. 32-1003(c).

28. While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendants as required by law.

29. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

30. Defendants' failure and refusal to comply with their obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, in favor of Plaintiff in an amount to be determined at trial, but no less than $59,985.90 which is three times the wages owed; and to grant to Plaintiff his reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## COUNT II
### (FLSA)

31. Plaintiff adopts herein by reference paragraphs 1 through 24 above as if fully set forth herein.

32. Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

33. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

34. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

35. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in his favor in an amount to be determined at trial, but not less than $39,990.60 which is two times the total overtime compensation owed, to grant Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT III
### (Violation of the D.C. Minimum Wage Revision Act)

36. Plaintiff adopts herein by reference paragraphs 1 through 24 above as if fully set forth herein.

37. Defendants were required to pay Plaintiff one and a half times his regular rate for hours in excess of forty hours per week.  D.C. ST. § 32-1012.

38. Throughout the Employment Period, Defendants failed to properly pay Plaintiff overtime required by the DCMWRA.

39. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

40. Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in favor of Plaintiff in an amount to be determined at trial, but not less than $19,995.30 and to grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC


By:  /s/ *Mary Craine Lombardo*
Mary Craine Lombardo (495881)
25 West Middle Lane
Rockville, Maryland 20850
301-340-2020
301-354-8126 (facsimile)
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6

3809805_1