**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TOMAS ALCIDES VENTURA**,<br><br>Plaintiff,<br><br>v.<br><br>**L. A. HOWARD CONSTRUCTION CO. et al.**,<br><br>Defendants. | Case No. 14-cv-01884 (CRC) |

**MEMORANDUM OPINION AND ORDER**

On November 7, 2014, Plaintiff Tomas Alcides Ventura filed suit to recover from a construction company and its owner unpaid overtime compensation for his work as a concrete installer. Despite having been properly served, Defendants L. A. Howard Construction Company and Lazerrick A. Howard did not respond to the complaint or to the Clerk's entry of default. On July 28, 2015, Ventura moved for entry of default judgment, monetary damages, and attorneys' fees. The Court granted Ventura's motion for entry of default judgment and awarded him monetary damages, but deferred ruling on his request for attorneys' fees in light of the D.C. Circuit's recent opinion in Eley v. District of Columbia, 793 F.3d 97, 104 (D.C. Cir. 2015).

As the Court discussed previously, see Ventura v. L.A. Howard Constr. Co., No. 14-cv-01884, 2015 WL 5692932, at *4 (D.D.C. Sept. 28, 2015), the Fair Labor Standards Act ("FLSA") and D.C.'s wage-and-hour laws authorize awarding attorneys' fees to employees whose rights are violated under those respective statutes. See 29 U.S.C. § 216(b); D.C. Code §§ 32-1012(c); 32-1308(b). "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984). In order to award attorneys' fees, the Court must examine the attorneys' hourly rates and the amount of time expended on the matter. "[A]n attorney's usual

billing rate is presumptively the reasonable rate, *provided that the rate is in line with those prevailing in the community* for similar services by lawyers of reasonably comparable skill, experience, and reputation." Kattan by Thomas v. District of Columbia, 995 F.2d 274, 278 (D.C. Cir. 1993) (emphasis added) (quoting Blum, 465 U.S. at 895 n.11) (internal quotation marks omitted). The D.C. Circuit recently held, however, that a party seeking attorneys' fees "ha[s] the burden 'to produce satisfactory evidence—*in addition to [his] attorney's own affidavits*—that [his] requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Eley, 793 F.3d at 104. Eley thus cautions that a court may not rely by default on a version of the Laffey Matrix without additional evidence from the party seeking attorneys' fees.[1] Id. Rather, a moving party must affirmatively "demonstrate that h[is] suggested rates [are] appropriate" by establishing their conformity with rates charged in the community for similar services. Id. at 105.

In this case, Ventura seeks $7,719 in attorneys' fees for the 8.2 hours Mary C. Lombardo and 7.9 hours Jonathan Lieberman worked on this case, as well as for hours worked by two associates, one paralegal, and one legal assistant. Ms. Lombardo has practiced law for fifteen years and charges an hourly rate of between $395 and $420. Similarly, Mr. Lieberman has practiced law for fifteen years and also charges an hourly rate of between $395 and $420. Associates Ana Rodriguez and Eduardo Garcia worked a total of 4.3 hours and charged between $225 and $290 per hour, while a paralegal worked 0.9 hours at a rate of $160 per hour and a legal assistant worked for 0.2 hours at a rate of $120 per hour. In total, the law firm Stein Sperling Bennett De Jong Driscoll

---

[1] The Laffey Matrix is "[t]he most commonly used . . . schedule of prevailing rates . . . for lawyers who practice 'complex federal litigation.'" Eley, 793 F.3d at 100.

PC expended 21.5 hours of time on Plaintiff's case.  Ms. Lombardo's declaration provides significant detail as to the hours worked and tasks completed and indicates that work, where possible, was delegated to legal assistants to reduce costs.  As the Court previously held, it is satisfied that Ventura has adequately justified the hours expended in this case.

The Court indicated, however, that it was unable to determine whether the requested amount of attorneys' fees was reasonable because Ventura had not provided satisfactory evidence to demonstrate that the requested *rates* were in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.  "[A]ttorneys' fee matrices [are] one type of evidence that 'provide[] a useful starting point' in calculating the prevailing market rate." Eley, 793 F.3d at 100 (quoting Covington v. District of Columbia, 57 F.3d 1101, 1109 (D.D.C. 1995)).  To this end, Ventura cited the "rates set forth in the Laffey Matrix for 2013-15." Mot. Default J. 10.  But as the Court held, see Ventura, 2015 WL 5692932, at *5, it is insufficient for an attorney merely to provide a version of the Laffey Matrix—and a declaration that she charged her client a rate in accordance with the Matrix—without establishing that the rates therein constituted the market rate for the type of litigation at issue.  See Eley, 793 F.3d at 104.

Ms. Lombardo's affidavit did point to awards of attorneys' fees in two similar Maryland cases, but the Court found that neither fully supported the suggested rate here: between $395 and $420 for FLSA litigation by attorneys with fifteen years of experience.  See Ventura, 2015 WL 5692932, at *5.  Those five- and seven-year-old cases were from a different jurisdiction, even though "in cases such as this one, the prevailing market rate is generally calculated based on the market rate in the forum jurisdiction"—that is, the District of Columbia.  Driscoll v. George Washington Univ., 55 F. Supp. 3d 106, 120 (D.D.C. 2014).  Moreover, the court in the cases cited by Ventura applied guidelines contained in the district's local rules—not the Laffey Matrix.  See Monge v. Portofino Ristorante, 751 F. Supp. 2d 789, 800 (D. Md. 2010); Lopez v. Lawns 'R' Us,

No. CIV. DKC 07-2979, 2008 WL 2227353, at *6 (D. Md. May 23, 2008). At the time he filed his motion for default judgment, therefore, Ventura had not provided the Court with satisfactory evidence that his attorneys' requested hourly rate constituted the prevailing rate in *this* community for *this* type of litigation by attorneys with comparable experience.

Ventura has now come forward with evidence of "the appropriateness of [applying] the Laffey Matrix in Fair Labor Standards Act cases" in the District of Columbia. Pl.'s Supplemental Submission Regarding Reasonableness of Hourly Rates Pursuant to Court Order 1–2. Specifically, he has identified three very recent cases decided by this Court—including one that followed the D.C. Circuit's decision in Eley—in which plaintiffs were awarded attorneys' fees for FLSA litigation based on the Laffey Matrix. See Al-Quraan v. 4115 8th St. NW, LLC, No. 14-CV-2144 (TSC), 2015 WL 4945401, at *2 (D.D.C. Aug. 19, 2015) ("Many judges in this district rely on the Laffey matrix as an appropriate starting point for determining rates of reimbursing attorneys who bring cases under the FLSA.") (internal quotation marks omitted); Driscoll, 55 F. Supp. 3d at 120 (applying the Laffey Matrix in a FLSA case because the "parties agree[d] that the appropriate rate to be applied is the one provided by the Laffey matrix"); Bradshaw v. Jefferson Grill, Inc., No. CIV.A. 11-1558 ABJ, 2012 WL 2803401, at *2 (D.D.C. July 10, 2012) ("Although the use of the Laffey matrix to determine reasonable hourly rates in FLSA cases is not automatic, several judges in this Court have relied on it as an appropriate starting point for determining rates of reimbursing attorneys who bring cases under the FLSA."). This evidence provides at least some support for the contention that the Laffey Matrix reflects the market rate for attorneys engaged in FLSA litigation in the District of Columbia.

The hourly rate specified in the Laffey Matrix for attorneys with between eleven and nineteen years of experience is $460, well above the rates that Ms. Lombardo and Mr. Lieberman charged. Because the Court concludes that Ventura has met his burden to affirmatively demonstrate

4

that the <u>Laffey</u> Matrix is appropriate for determining fees in FLSA litigation in this Court, the Court finds Ventura's requested rates to be reasonable. And because both the hours expended on this litigation were reasonable and the rates charged reflected the prevailing rates in the community for similar litigation by similarly experienced attorneys, the Court will grant Ventura the amount of attorneys' fees that he requests.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff is awarded a monetary judgment against L. A. Howard Construction Company and Lazerrick A. Howard, jointly and severally, in the amount of $7,719 in attorneys' fees.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date:   October 19, 2015